**In re W. T. GRANT COMPANY, Bankrupt.**

**Charles G. RODMAN, as Trustee of the Estate of W. T. Grant Company, Bankrupt, Plaintiff,**

v.

**David COSOFF, Melvin Kimmel, Victor Kurtz, Morris Lewy, Jennings F. Ridenhour, Defendants.**

**No. 80 Civ. 5760 (WCC).**

United States District Court, S. D. New York.

April 29, 1981.

Brewer & Soeiro, New York City, for defendants; Bradley R. Brewer, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for Trustee; Harvey R. Miller, Richard P. Krasnow, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is an appeal from an order entered by Bankruptcy Judge John J. Galgay on

September 15, 1980, 6 B.R. 762, restraining defendants-appellants, acting as a "Committee of Objecting W. T. Grant Debentureholders," from disseminating solicitations to holders of W. T. Grant Company 4¾% debentures until further order by Judge Galgay. The September 15 order was entered on motion of the Trustee for the bankrupt estate of W. T. Grant after (1) the Trustee had applied to the Bankruptcy Court for approval of an order and settlement of the claims of the debentureholders proposed by bank claimants and approved by the Trustee; (2) the Bankruptcy Court had approved the settlement but prohibited the Trustee from disseminating the offer to debentureholders until all appeals were exhausted; (3) eleven objecting debentureholders had filed a notice of appeal from the order approving the settlement; and (4) defendants-appellants, five of the objecting debentureholders, had proposed to send a communication to all debentureholders to solicit opposition to the proposed settlement.

After this appeal was filed, the objecting debentureholders, the Trustee and the bank claimants undertook to renegotiate the terms of the settlement. This Court stayed consideration of this appeal, as well as that of two related appeals concerning the substance of the offer and settlement, while these negotiations went forward under the supervision of Judge Galgay. On April 7, 1981, at a conference before Judge Galgay of which Brewer & Soeiro, attorneys for defendants-appellants, were notified but chose not to attend, the attorneys for the Trustee and the bank claimants communicated a new proposed settlement offer to Judge Galgay and to Robson & Miller and Bader & Bader, attorneys for objecting debentureholders in the two substantive appeals. The terms of the new proposal, which would provide debentureholders with a gross recovery of 21% of the face value of their investments, in comparison with a projected recovery of 14% on the initial offer and settlement, included no restriction on dissemination of the offer by the Trus-

tee. Judge Galgay indicated at that conference that, if such a settlement offer were approved, and sent out to debentureholders, if objecting debentureholders "want to send out other contradictory communications, they will be free to do that." Hearing Transcript at 55.

The parties in the two appeals from Judge Galgay's approval of the initial settlement offer, 80 Civ. 1857 and 80 Civ. 1858, then submitted stipulations withdrawing those appeals.

In response to an inquiry from the Court as to the status of this appeal in light of the new settlement proposal and the withdrawal of the substantive appeals, Brewer & Soeiro stated that they still wish to press this appeal, since they will wish to communicate with debentureholders regarding the new settlement proposal, and since the language in Judge Galgay's September 15 order is broad enough to be interpreted as restraining *all* communication with the 4¾% debentureholders. The Trustee has indicated that he anticipates filing a formal application to amend the previously approved offer of compromise and settlement with the Bankruptcy Court within the next few weeks; that the amendment, if approved, will provide for the Trustee's immediate communication of the proposed settlement to debentureholders; and that, as stated before Judge Galgay on April 7, the Trustee will not seek any restriction on objecting debentureholders' communications with all debentureholders regarding the new settlement proposal.

In light of the Trustee's expressed intention to seek no restraint on objecting debentureholders' communications regarding the new settlement proposal and of Judge Galgay's understanding that no such restrictions will apply to the new offer, it appears that the issues raised by this appeal will become moot once a formal amendment to the Trustee's application is filed, and that no consideration of the motions now pending here is appropriate. Accordingly, the case is transferred to the Suspense Docket

of this Court until such time as Judge Galgay approves the proposed amendment or the parties stipulate to withdraw this appeal, whichever is sooner.

SO ORDERED.